March 7, 2005

Honorable Charles S. Haight
Senior United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

                Re:    <u>United States v. Jerry Weissman</u>
                       Docket No.  S1 94 CR 760 (CSH)

Dear Judge Haight:

      I respectfully submit this letter on behalf of Jerry Weissman for judicial relief, pursuant to 29 U.S.C. § 1111(a), permitting him to serve as a consultant or advisor to entities offering employee benefit plans pursuant to ERISA or in a capacity that involves decisionmaking authority for such plans.  As the Court is aware, Mr. Weissman was convicted of perjury and obstruction of justice in March 1998.  He was sentenced to an 18 month term by the Court, and served the prison phase of his term until December 2000.  He thereafter served a 6-month halfway house term, which he successfully completed in May 2001.

      After his release from prison, Mr. Weissman resumed his employment as a consultant to Omni Managed Health, Inc., which is a position he has occupied since 1993. Omni, which is located in Brooklyn, provides employee benefit brokerage services, as well as employee benefit, general health care and insurance consulting services.  Last year, Mr. Weissman established a company named Care Administrators, which provides third party administration and outsourcing services in the managed health care field.

      To promote his consulting services and to continue to operate his managed health care businesses, it is vital for Mr. Weissman to be permitted to provide consulting and fiduciary services to ERISA employee benefit funds.  However, because he has been convicted of offenses that fall within the disability imposed by 29 U.S.C. § 1111, he is prohibited from serving in an ERISA-related capacity for 13 years after he has completed his imprisonment.  That statute authorizes the sentencing court to reduce the disability period to no less than 3 years after his imprisonment.

Honorable Charles S. Haight
March 7, 2005
Page 2

The statutory language invests the sentencing judge with broad authority to afford the requested relief, tempered only by the requirement, "pursuant to sentencing guidelines and policy statements," that a determination be made "that such person's service in any capacity referred to in paragraphs (1) through (3) would not be contrary to the purposes of" the ERISA statute.  Id. The various ERISA-related capacities are defined in § 1111(a)(1)-(3) as follows:

> 1)  as an administrator, fiduciary, officer, trustee, custodian, counsel, agent, employee, or representative in any capacity of any employee benefit plan,
>
> 2)  as a consultant or adviser to an employee benefit plan, including but not limited to any entity whose activities are in whole or substantial part devoted to providing goods or services to any employee benefit plan, or
>
> 3) in any capacity that involves decisionmaking authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan.

The statute requires that "[p]rior to making any such determination the court shall hold a hearing and shall give notice [of] such proceeding by certified mail to the Secretary of Labor and to State, county, and Federal prosecuting official" in the jurisdiction where the defendant was convicted.  The statute further provides that the "court's determination in any such proceeding shall be final."  29 U.S.C. § 1111(a).

Mr. Weissman has been fully restored to a gainful, law-abiding and wholly unblemished lifestyle since sustaining his conviction and serving his sentence.  The sentencing goals of punishment, retribution, deterrence and rehabilitation have been more than amply satisfied in his case. This is well-established by his exemplary conduct since his conviction, which is characterized not only by his determination to rebuild his life, but also by his many acts of continued public and private charity and aid to others in his community who have sustained adversity and have benefitted from  his financial and moral support both prior and subsequent to his prison term.

I therefore respectfully request, pursuant to the Court's statutory authority that allows for a diminution of the ERISA disability period, that Your Honor grant this application to reduce that period and permit Mr. Weissman to promote his professional services by allowing him to serve in an advisory or fiduciary capacity to an ERISA employee benefit plan. Perhaps Booker/Fanfan and Crosby will have some impact in future decisional case law on the statutory provision that requires consideration of "sentencing guidelines and policy statements" in determining whether to reduce the ERISA disability period.  However, this application is not grounded on any such legal argument. Plainly,  in Jerry Weissman's case the requested relief of lessening the disability period to "at least three years" since completion of his service of sentence is entirely warranted.

I thank Your Honor for your courtesy and consideration of this application.

Honorable Charles S. Haight
March 7, 2005
Page 3

                                              Respectfully submitted,

                                              Ephraim Savitt

ES:mlo

cc:     Clerk of the Court (CSH)
        AUSA Mei Lin Kwan-Gett