USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA     :

    -against-     :     S2 94 Cr. 760 (CSH)

         :

Jerry WEISSMAN,     **ORDER**

         :

    Defendant.

HAIGHT, Senior District Judge:

Following a jury trial before me, defendant Jerry Weissman was convicted of perjury and obstruction of justice, in violation of 18 U.S.C. §§ 1621 and 1505 respectively. Weissman's convictions were upheld on appeal, 195 F.3d 96 (2d Cir. 1999).[1] He served the 18-month term of imprisonment imposed by this Court's Guidelines sentence, see 22 F.Supp.2d 187 (S.D.N.Y. 1998), and was released from custody in May 2001. Familiarity with the cited opinions is assumed.

The case has been revived by a letter dated June 20, 2011 written by Weissman's counsel and mailed to this Court, with a copy to the United States Attorney for the District. Counsel's letter is an application on Weissman's behalf for relief pursuant to 29 U.S.C. § 1111. That is a provision in the ERISA statute which in pertinent part prohibits a person from serving as a consultant or adviser to an employee benefit plan for thirteen years after completion of a period of imprisonment imposed following a conviction for perjury, unless the sentencing judge, on the defendant's application and in the exercise of the judge's discretion, sets a lesser period of disqualification of at least three years from the date of the end of defendant's imprisonment. That three-year limitation upon relief is not implicated in this case, because Weissman was released from custody over ten years ago. But

---

[1] The letter dated June 20, 2011 from defendant's counsel, which this Order addresses, erroneously cites the Second Circuit's opinion as "195 F.3d **90**."

Weissman needs relief in the form of shortening the thirteen-year statutory disqualification period, which has not yet elapsed. Counsel represents that there are presently "union health plans that wish to have the benefit of Mr. Weissman's advice," June 20 Letter at 2. Weissman wishes to furnish such services and be compensated for them. Hence this application.

The Court requires a response by the government to Weissman's application, and directs the Office of the United States Attorney to file and serve its responsive papers on or before July 20, 2011. If so advised, Weissman may file and serve reply papers on or before July 29, 2011. While all papers will be filed in the Southern District of New York, counsel are directed to mail courtesy copies to my present Chambers at the United States Courthouse, 141 Church Street, New Haven, CT 06510. If the Court desires oral argument or an evidentiary hearing, counsel will be advised by Chambers.

It is SO ORDERED.

DATED: New Haven, Connecticut
June 24, 2011

/s/ Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE